IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LORAY COLEMAN                          §
                                       §
            Plaintiff,                 §
                                       §
VS.                                    §          NO. 3-10-CV-1919-BD
                                       §
MICHAEL J. ASTRUE,                     §
Commissioner of Social Security        §
                                       §
            Defendant.                 §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Loray Coleman seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including degenerative joint disease, rheumatoid arthritis, hypertension, and hepatitis C. After her application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on October 22, 2008. At the time of the hearing, plaintiff was 53 years old. She has a tenth-grade education and past work experience as a cashier, a kitchen helper, and a telephone solicitor. Plaintiff has not engaged in substantial gainful activity since May 1, 2007.[1]

---

[1] Plaintiff testified at the administrative hearing that she had not worked since January 2004. (*See* Tr. at 62). However, there is evidence in the record that plaintiff worked off and on as a restaurant cook in 2006, and held a temporary job scanning boxes with a machine in 2007. (*See id.* at 166, 176). Because plaintiff earned more than $8,300 in 2007, the ALJ thought it would be reasonable to conclude that she worked after May 1, 2007, but assumed for purposes of his decision that plaintiff had not engaged in substantial gainful activity since that date. (*See id.* at 37).

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff suffered from degenerative joint disease and hepatitis C, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a full range of light work, including her past relevant work as a cashier and a telephone solicitor. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## II.

In two broad grounds, plaintiff contends that substantial evidence does not support the finding that her job as a telemarketer was "past relevant work" and the finding that she has the residual functional capacity to perform the full range of light work.

## A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The court initially observes that plaintiff's job as a telemarketer does not constitute "substantial gainful activity" sufficient to qualify as "past relevant work." The primary focus in determining whether work constitutes "substantial gainful activity" is the amount of earnings derived from the activity. *See* 20 C.F.R. § 404.1574(a)(1). If a claimant is paid a certain threshold amount of monthly earnings, as calculated by a formula set by the Commissioner, the job is presumed to constitute "substantial gainful activity." *Id.* § 404.1574(b)(2). If the amount of monthly earnings falls below this threshold, the job is presumed not to be "substantial gainful activity." *Id.* § 404.1574(b)(3)(i). In 2004, the threshold monthly earnings requirement for "substantial gainful

activity" was $810.00.   *See* Social Security Online, *Substantial Gainful Activity* at

http://www.ssa.gov/OACT/COLA/sga.html (last visited Dec. 12, 2011).

The ALJ relied on this presumption in finding that plaintiff's job as a telephone solicitor for

two months in 2004 constituted "substantial gainful activity" because she earned a total of $1,753.26,

or approximately $875.00 per month. (*See* Tr. at 47). However, the record shows that plaintiff

received those earnings from two different jobs -- her job as a telemarketer and her job as a bell

ringer for the Salvation Army. (*See id.* at 141). Plaintiff was paid only $1,022.03 for the two months

she worked as a telemarketer, (*see id.*), making her average monthly earnings only $611.02 -- less

than the $810.00 threshold necessary to presumptively establish "substantial gainful activity." Thus,

substantial evidence does not support the finding that plaintiff's job as a telemarketer is "past relevant

work."

C.

Plaintiff also argues that the ALJ failed to adequately consider her need for a hand-held

assistive device to aid in walking or standing. In his decision, the ALJ found that plaintiff did not

need a walker for ambulation because "there is no objective basis for a need for a walker." (*See id.*

at 44). According to the ALJ:

> No physician has *prescribed* a walker. I am aware the therapist
> indicated assistive devices would decrease strain on the knees;
> however, contrary to the claimant's assertion, the physical therapist
> did not *prescribe* a walker. The only recommendation by any treating
> medical source has been for an over-the-counter knee support.

(*Id.*) (emphasis added). It appears that the ALJ rejected the need for a walker solely because no

medical provider ever "prescribed" one for plaintiff. However, the social security regulations do not

require a "prescription" for an assistive device in order for it to be medically relevant to the

assessment of residual functional capacity. All that is required is for the claimant to present "medical

documentation" establishing the need for such a device. *See, e.g.* SSR 96-9p, 1996 WL 374185 at

*7 (S.S.A. Jul. 2, 1996).[2] Here, there is ample evidence from treating medical sources that plaintiff

needs a walker to safely ambulate about the workplace. In August 2007, a physical therapist at

Parkland Hospital noted that plaintiff was instructed in "the advantages of gait assistance devices."

(*See* Tr. at 311).[3] A subsequent physical therapy progress note reads:

> Gait training [with rolling walker]. Pt. felt this device helped ↓knee
> pain. Assess: Tolerated poor. Pt. is very stiff, weak, painful. She has
> fallen; ∴ *[rolling walker] is appropriate to ↑safety during gait.*
>
> Plan:...Use [rolling walker] for gait.

(*Id.* at 312) (emphasis added). Later that month, a nurse at Parkland observed that plaintiff had an

abnormal gait and used a cane. (*Id.* at 360). Another nurse made a similar observation in October

2007. (*Id.* at 354). Taken together, this medical evidence suggests that some kind of assistive device

is medically necessary to increase plaintiff's safety while walking -- not merely to "decrease strain

---

[2]   SSR 96-9p provides, in pertinent part:

> To find that a hand-held assistive device is medically required, there must be
> medical documentation establishing the need for a hand-held assistive device to aid
> in walking or standing, and describing the circumstances for which it is needed (i.e.,
> whether all the time, periodically, or only in certain situations; distance and terrain;
> and any other relevant information). The adjudicator must always consider the
> particular facts of a case. For example, if a medically required hand-held assistive
> device is needed only for prolonged ambulation, walking on uneven terrain, or
> ascending or descending slopes, the unskilled sedentary occupational base will not
> ordinarily be significantly eroded.

*Id.*, 1996 WL 374185 at *7. Although this ruling applies to sedentary work, there is no reason why the requirements for evaluating the need for a hand-held assistive device should be any different for light work. *See Staples v. Astrue*, 329 Fed.Appx. 189, 191 n.1, 2009 WL 1383382 at *2 n.1 (10th Cir. May 19, 2009) (applying SSR 96-9p in evaluating need for hand-held assistive device to perform light work); *Shelefontiuk v. Astrue*, No. 08-2172, 2009 WL 2925520 at *9 (C.D. Ill. Sept. 9, 2009) (same).

[3]   The court recognizes that the opinion of a physical therapist, standing alone, cannot establish an impairment under the social security regulations. *See* 20 C.F.R. § 416.913(a). However, a physical therapist is qualified to render an opinion as to the severity of an impairment and how it affects a claimant's ability to work. *See id.* § 416.913(d)(1). That is precisely the kind of evidence provided by plaintiff's therapist. (*See* Tr. at 44, 354).

on the knees[.]" That one nurse also recommended use of an over-the-counter knee support does not

mean that a hand-held assistive device, such as a cane or walker, is not medically required.

There is also other evidence in the record to support a finding that plaintiff needs a walker

in order to safely ambulate. In May 2007 -- three months before plaintiff began using a walker upon

the recommendation of her physical therapist -- plaintiff appeared before a Social Security disability

field officer, who noted that "she was in much pain, trouble standing, sitting, walking." (*Id.* at 174).

The same day her therapist recommended the walker, plaintiff injured her hand while attempting "to

balance herself." (*Id.* at 310). Finally, a report prepared by Dr. Mahmood Panjwani, a consultive

examiner, indicates that plaintiff uses a four-wheeled walker in order to ambulate. (*Id.* at 288).

Nowhere in his report does Dr. Panjwani conclude that use of hand-held assistive device was

unnecessary. *Cf. Cashin v. Astrue*, No. EDCV 09-161 JC, 2010 WL 749884 at *11 (C.D. Cal. Feb.

24, 2010) (upholding finding that cane was not medically necessary where, *inter alia*, doctor

determined that plaintiff actually walked better without cane).

In short, this is not a case where plaintiff was given a walker only because she requested one.

Rather, there is objective medical evidence that plaintiff needs a hand-held assistive device to aid

in walking or standing. Had the ALJ considered this in evaluating plaintiff's residual functional

capacity, it is quite possible the judge would have found that plaintiff could not perform the job of

cashier, which requires "frequent" reaching and lifting in addition to the ability to stand and/or walk

for six hours out of an eight hour day. *See See Dictionary of Occupational Titles* ("DOT") §

211.462-010 (4th ed. 1991).[4] Under these circumstances, remand is required. *See Burns v. Astrue*,

---

[4] The DOT was promulgated by the U.S. Department of Labor to provide "standardized occupational information to support job placement activities." *See* DOT at xv. The DOT, along with a companion volume -- *The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO") -- describe the requirements for thousands of jobs in the national economy and classifies those jobs based on various factors, including exertional limitations.

No. CV 08-1112-PLA, 2009 WL 950773 at *6 (C.D. Cal. Apr. 7, 2009) (remand appropriate where medical evidence, including recommendations from treating sources and observations from others who observed plaintiff's use of a cane, established the need for hand-held assistive device and ALJ failed to properly consider, or to provide sufficient reasons for rejecting, such evidence in determining residual functional capacity).[5]

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: December 13, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[5] A residual functional capacity assessment performed by Dr. Kim Rowlands, a state agency physician, also notes that plaintiff "was using a walker for ambulation and movements were slow." (*See* Tr. at 337). Nevertheless, Dr. Rowlands concluded that plaintiff could stand or walk about six hours during an eight-hour work day without a hand-held assistive device, presumably because the walker was not prescribed by a medical source. (*Id.* at 337-38). As previously discussed, the social security regulations do not require a "prescription" for an assistive device in order for it to be medically relevant to the determination of residual functional capacity. Thus, the assessment performed by Dr. Rowlands does not constitute substantial evidence to support the resulting disability decision.